## UNITED STATES v. MARK YING.

(District Court, D. Vermont. November 2, 1896.)

CHINESE LABORER—WHAT CONSTITUTES—REGISTRATION—DEPORTATION.

A Chinaman who was a peddler at the time of the passage of the act of May 5, 1892 (27 Stat. c. 60), relating to registration of Chinese laborers, but who ceased peddling and became a member of a trading firm prior to the passage of the act of November 3, 1893 (28 Stat. c. 14), which includes Chinese peddlers, etc., in the term "laborers," is not a laborer and liable to deportation for want of registration.

This was a motion and information for an order of deportation against Mark Ying, as an unregistered Chinese laborer.

John H. Senter, for the United States.

J. A. Brown, for respondent.

WHEELER, District Judge. The respondent, a Chinese person, is brought in on a motion and information for an order of deportation,

as an unregistered laborer, under the acts of May 5, 1892 (27 Stat. c. 60), and of November 3, 1893 (28 Stat. c. 14). The former act, in this respect (section 6), applied exclusively to Chinese laborers, without further designation or description. The latter act defines them thus:

"Section 2. The words 'laborer' or 'laborers,' wherever used in this act, or in the act to which this act is an amendment, shall be construed to mean both skilled and unskilled manual laborers, including Chinese employed in mining, fishing, huckstering, peddling, laundrymen, or those engaged in taking, drying, or otherwise preserving shell or other fish for home consumption or exportation."

Each speaks from its own date, and the latter applies to persons who were Chinese laborers, as defined by it, on November 3, 1893. The respondent had, according to what is shown, been a peddler for two or three years next before "the first part of July, 1893," when he became a member of the trading firm of Quang Lun Wah & Co., at 32 Mott street. New York, and has so remained, having an interest therein of $1,000. If the act of 1892 had included peddlers with laborers, or he had continued peddling after the act of 1893, he would have been required to register, and be liable to deportation for want of doing so; but neither happened. The act of 1893 also defines "merchants," and he is said not to be a merchant, within the definition. But the act does not declare all not merchants to be laborers, nor otherwise require registration of them. The question is not whether the respondent is a merchant, and so exempt from registration, but whether he is a laborer, and so liable to deportation for want of registration. He does not appear to be a laborer, within either common understanding or the statutory definition of the term. Motion denied and respondent discharged.